UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:06CR-50-S

MARIO COMPEAN
JOSE FELIX DELGADILLO                                                    DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged in the superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendants or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The superseding indictment or formal charges against the defendants is not evidence of guilt.  The defendants are presumed by the law to be innocent.  The law does not require a defendant to prove innocence or produce any evidence at all.  The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case?  Did the witness have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

The fact that a witness has been convicted of a felony offense is another factor you may consider in deciding whether you believe the testimony of that witness.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

As stated before, a defendant has a right not to testify. If a defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the United States called as witnesses persons with whom the United States has entered into plea agreements. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this court. However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because he wants to strike a good bargain with the United States. So, while a witness of that kind may be entirely truthful when testifying, you should consider his testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pled guilty to a crime charged in the superseding indictment is not evidence, in and of itself, of the guilt of any other person.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field—one who is called an expert witness—is permitted to state an opinion.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## **COUNT 1**

Count 1 of the superseding indictment charges the defendants with the crime of conspiracy. A conspiracy is an agreement or a kind of partnership in criminal purposes in which each member becomes the agent or partner of every other member. Title 21, United States Code, Section 846 makes it a separate crime to conspire to do something which, if actually carried out, would amount to another federal crime. In this case, the defendants are charged in Count 1 with conspiring to knowingly and intentionally possess with intent to distribute or to distribute a quantity of cocaine.

Each defendant can be found guilty of conspiracy only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:   That two or more persons came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine; and

Second:   That the defendant knowingly became a member of such conspiracy.

The essence of a conspiracy is the making of the scheme itself. It is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing the unlawful plan.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly joins in that plan on one occasion, that is sufficient to convict him for conspiracy even though he had not participated before and even though he played only a minor part. It is not necessary for the United States to prove that all of the people in the superseding indictment were members of the scheme, or that those who were members had entered into any formal type of agreement.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## COUNT 2

Title 21, United States Code, Section 841(a)(1), makes it a federal crime for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the law.

A defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:    That the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine as charged; and

Second:  That he possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole.  If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

The guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent or associate of a defendant are intentionally directed or authorized by that defendant, or if a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds that defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Notice, however, that before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate himself in some way with the crime, and intentionally participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that a defendant was a participant and not merely a knowing spectator.

## **QUANTITY**

If you find a defendant guilty as to Count 1, you must also decide beyond a reasonable doubt what quantity of the mixture or substance containing a detectable amount of cocaine that defendant conspired to possess with intent to distribute on or about the dates set forth in the superseding indictment.  If you find a defendant guilty as to Count 1, you will complete the verdict form asking you to answer this question.

If you find a defendant guilty as to Count 2, you must also decide beyond a reasonable doubt what quantity of the mixture or substance containing a detectable amount of cocaine that defendant possessed with intent to distribute on or about the dates set forth in the superseding indictment.  If you find a defendant guilty as to Count 2, you will complete the verdict form asking you to answer this question.

You will note that the superseding indictment charges that the offenses were committed "on or about" certain dates or a range of dates.  The United States does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the United States proves beyond a reasonable doubt that an offense was committed on a date reasonably near the date or range of dates alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

A separate crime or offense is charged against the defendants in each count of the superseding indictment.  Each offense, and the evidence pertaining to it, should be considered separately.  Also, the case of each defendant should be considered separately and individually.  The fact that you may find one or more of the defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other defendant.

The defendants are on trial only for the specific offenses alleged in the superseding indictment.  Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If either defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

Form of verdict have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

- 17 -