UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARIO COMPEAN                                                PETITIONER/DEFENDANT

v.                                                CRIMINAL ACTION NO. 3:06-CR-00050-CRS

UNITED STATES OF AMERICA                      RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

This matter is before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DN 64) filed *pro se* by Defendant Mario Compean ("Petitioner") along with an accompanying motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. In accordance with 28 U.S.C. § 636(b)(1)(A), the Court referred the matter to United States Magistrate Judge Dave Whalin for proposed findings of facts and recommendations. In his Report and Recommendation (the "Report"), Judge Whalin recommends that Petitioner's motion should be denied on the ground that he has failed to establish that his conviction resulted from a constitutional violation. For the reasons set forth below, the Court agrees with the Report and will therefore deny Petitioner's § 2255 motion. Furthermore, because the Court concludes that the interests of justice do not require appointment of counsel, the Court will deny Petitioner's motion for appointment of counsel.

**BACKGROUND**

On March 2, 2007, Petitioner was convicted by a jury of: 1) conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846; and 2) aiding and abetting possession with

1

intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). (Jury Verdict, DN 116). On July 9, 2007, this Court sentenced Petitioner to serve 235 months of imprisonment followed by a five-year term of supervised release. (Commitment Order, DN 141, at 3). Petitioner subsequently appealed his conviction and sentence on the grounds that the prosecutor had made several improper comments during closing argument and that the district judge did not properly consider all relevant sentencing factors under 18 U.S.C. § 3553(a). On March 24, 2009, the Sixth Circuit affirmed Petitioner's conviction but reversed his sentence and remanded for more "detailed consideration of the § 3553(a) [sentencing] factors." *United States v. Delgadillo*, 318 Fed. Appx. 380, 387 (6th Cir. 2009) (DN 167).

On remand, we carefully reevaluated Petitioner's sentence in light of all relevant § 3553(a) sentencing factors but ultimately decided to reimpose his 235-month term of imprisonment. (Resentencing Hrg. Transcript, DN 209, at 58–74). Petitioner once again appealed his sentence, this time arguing that it was procedurally and substantively unreasonable to the extent that it was based on clearly erroneous findings of fact and failed to consider numerous sentencing factors. (Order, DN 226, at 1). On appeal, the Sixth Circuit rejected these arguments and affirmed Petitioner's sentence. (Order, DN 226, at 2–3).

Shortly thereafter, Petitioner filed the present motion to vacate, set aside, or correct sentence pursuant to 28 U .S.C. § 2255, arguing that his conviction must be set aside on the basis of several alleged constitutional violations. Specifically, Petitioner's § 2255 motion asserts that : 1) his trial counsel rendered ineffective assistance by failing to advise him of a plea offer tendered by the government; 2) his appellate counsel rendered ineffective assistance by failing to raise certain arguments on appeal; 3) the prosecutor knowingly introduced perjured testimony at trial; and 4) his sentence constitutes cruel and unusual punishment. In accordance with 28 U.S.C.

§ 636(b)(1)(A), the Court referred the matter to United States Magistrate Judge Doug Whalin for proposed findings of facts and recommendations. In his Report and Recommendation (the "Report"), Judge Whalin recommends that the Court deny Petitioner's § 2255 motion on the ground that he has failed to establish that his conviction resulted from a constitutional violation.

The Report first addresses Petitioner's claim that his sentence was excessive insofar as it was based on factual misrepresentations made by the prosecutor at his sentencing hearing. Without reaching the merits, the Report concludes that Petitioner's excessive sentence claim cannot serve as the basis for his § 2255 motion because Petitioner had previously litigated a similar, if not identical, claim on direct appeal. According to the Report, Petitioner argued on direct appeal that "his sentence is unreasonable both procedurally and substantively because the District Court relied on clearly erroneous findings of fact…" (Report, DN 246, at 6). While acknowledging that Petitioner has "slightly change[d] his argument" by "alleg[ing] that the prosecutor made knowing misstatements during his re-sentencing," the Report nevertheless concludes that "the fundamental nature of the claim of an unreasonable sentence remains unchanged." (Report, DN 246, at 6). Because "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996), the Report therefore recommends that the Court deny Petitioner's excessive sentence claim.

The Report next addresses Petitioner's claim that his appellate counsel rendered ineffective assistance by failing to raise a claim of prosecutorial misconduct on direct appeal, and in so doing also addresses Petitioner's underlying claim of prosecutorial misconduct. According to Petitioner, his appellate counsel should have argued on appeal that his conviction should be reversed because the prosecutor had knowingly introduced perjured testimony at trial. As the

3

Report points out, however, Petitioner's prosecutorial misconduct claim was based entirely on inconsistencies between the testimony of various witnesses and thus in no way demonstrated that the prosecutor actually knew the falsity of the allegedly perjured testimony. After citing *Wilson v. Parker*, 515 F.3d 682 (6th Cir. 2008), for a statement of the appropriate standard of review for claims of ineffective assistance of appellate counsel, the Report concludes that Petitioner "failed to satisfy either prong of the *Strickland* test" because 1) counsel was not deficient for failing to raise the "inherently weak" claim of prosecutorial misconduct; and 2) Petitioner failed to establish that the result of his appeal would have been different had his appellate counsel raised the claim. Thus, the Report recommends that the Court deny Petitioner's ineffective assistance of appellate counsel claim as well as the underlying prosecutorial misconduct claim.

The final claim addressed by the Report is Petitioner's claim that his trial counsel rendered ineffective assistance by failing to inform him of a plea offer tendered by the government. According to Petitioner, he fully intended to accept responsibility for his actions by pleading guilty but his attorney "never disclosed… that the Government had proposed a plea offer…" (DN 261 at ¶ 8). Petitioner insists that, had he been made aware of the government's offer, he would have definitely accepted it, thereby reducing his sentencing exposure and likely resulting in a substantially lesser sentence. To support this claim, Petitioner supplemented his § 2255 motion with a personal affidavit stating, *inter alia*, that:

1. His attorney failed to advise him that there were advantages in pursuing the plea agreement, including the fact that "there was a sentence reduction for acceptance of responsibility." (Petitioner Affidavit, DN 261, at 1).

2. His attorney failed to inform him that the "Government had proffered a plea…" and "never initiated a conversation… about a plea agreement." (Petitioner Affidavit at 1).

3. Had he been aware of the possibility of a plea agreement, Petitioner would have insisted that his attorney approach the government to negotiate a plea agreement. (Petitioner Affidavit at 2).

Based on his affidavit, Petition claims that his attorney clearly rendered ineffective assistance by failing to adequately represent his interests in the plea negotiation process.

Notwithstanding Petitioner's affidavit, the Report concludes that Petitioner failed to satisfy the "heavy burden" of establishing a claim of ineffective assistance of counsel based on an attorney's failure to inform his client of a plea offer. Relying on *Guerrero v. United States*, 383 F.3d 409 (6th Cir. 2004), the Report concluded that, in order for his ineffective assistance claim to be viable, Petitioner needed to establish that: 1) the government extended a formal offer to enter into a plea agreement; 2) Petitioner's counsel failed to inform him of the government's offer; and 3) Petitioner would have accepted the government's offer, thereby ultimately reducing the length of his sentence. Based on the record of the trial court proceedings as well as an undisputed affidavit of Petitioner's attorney stating that he had discussed the possibility of a plea offer with Petitioner, the Report concludes that Petitioner failed to establish that the government had extended a formal plea offer. Therefore, the Report recommends that Petitioner's ineffective assistance of trial counsel claim should be denied.

In accordance with 28 U.S.C. § 636(b)(1)(C), Petitioner has raised several objections to the Report, with respect to which this Court must now make a *de novo* determination. For the reasons set forth below, the Court finds Petitioner's objections unavailing and will therefore adopt the Report in full.

**STANDARD**

To obtain habeas relief under 28 U.S.C. § 2255, the petitioner must demonstrate that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255(a).

For motions based on constitutional error, the petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Importantly, however, "a § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," such as an intervening change in the law. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

When a § 2255 motion has been referred to a magistrate judge for proposed findings and recommendations under 28 U.S.C. § 636(b)(1)(B), "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, although all timely objections must be addressed, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, "Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *United States v. Mullikin*, No. 5:05-162-JMH, 2013 WL 3107560 (E.D. Ky. June 18, 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

**DISCUSSION**

**A. Petitioner's Objections**

Petitioner has raised several objections to the Report. In accordance with 28 U.S.C. § 636(b)(1)(C), the Court will now proceed to make a *de novo* determination of all issues raised by Petitioner's objections.

**i. Ineffective Assistance of Appellate Counsel**

Petitioner first objects that the Report misconstrued his ineffective assistance of appellate counsel claim and thus incorrectly concluded that it should be denied. According to Petitioner, his claim of ineffective assistance is based not only on his appellate counsel's failure to raise the issue of prosecutorial misconduct, but also his failure to raise the argument that Petitioner received an excessive sentence based on alleged misrepresentations made by the prosecutor during his sentencing hearing. (Petitioner's Objections, DN 264, at 2). To the extent it failed to recognize this extra dimension of his argument, Petitioner claims that the Report did not adequately address his claim of ineffective assistance of appellate counsel.

Contrary to Petitioner's claim, however, his appellate counsel did in fact raise the argument that Petitioner received an excessive sentence. On appeal, Petitioner's counsel "argue[d] that his sentence is unreasonable both procedurally and substantively because the district court relied on clearly erroneous findings of fact and failed to consider numerous sentencing factors." (Order, DN 226, at 1). Although Petitioner's counsel did not explicitly attribute the alleged errors to misrepresentations made by the prosecution, he nevertheless relied on the same "erroneous findings of fact" identified by Petitioner—namely, the Court's findings regarding "the number of drug transactions in which he was involved and the period of time in which he was operating." (Order, DN 226, at 2). The decision of Petitioner's counsel not to

emphasize the prosecutor's role in creating these "erroneous findings of fact" certainly does not rise to the level of ineffective assistance, but instead falls within the broad range of strategic discretion within which counsel is entitled to operate. Thus, the Court concludes that Petitioner's objection lacks merit and will therefore adopt the Report's recommendation that Petitioner's ineffective assistance of appellate counsel claim must be denied.

**ii. Excessive Sentence**

Petitioner next objects to the Report's conclusion that he previously litigated his excessive sentence claim on direct appeal and therefore may not base his § 2255 motion on the same argument. According to Petitioner, "[t]he 2255 motion's arguments…were distinct from the contents of the issues raised on direct appeal and there was no relevance between them" and "[n]either the United States nor the Magistrate Judge provided any specifics between the 2255 motion… and the direct appeal arguments that would substantiate that the 2255 issues were the relitigation of the direct appeal arguments." (Petitioner's Objections, DN 264, 2–3). At bottom, these objections constitute general objections that do not merit consideration. "Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *United States v. Mullikin*, No. 5:05-162-JMH, 2013 WL 3107560 (E.D. Ky. June 18, 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). While Petitioner complains that the Report did not "provide[] any specifics" to support its conclusion that Petitioner previously litigated his excessive sentence claim on direct appeal, he himself has failed to provide any specifics supporting his argument that "there was no relevance" between the arguments he made on direct appeal and his excessive sentence claim. Therefore, the Court will adopt the Report's recommendation that Petitioner's excessive sentence claim must be denied.

**iii. Prosecutorial Misconduct**

Although Petitioner appears to disagree with the Report's conclusion respecting his prosecutorial misconduct claim, he fails to raise a substantive objection the Report's conclusion. In Paragraph 7 of his Objections, Petitioner states that:

> The United States chose not to adhere to the Court order that it was to respond to Mario's allegations, which may be considered to be a surrender of Mario's claims… The… prosecutor needed to address or justify Harris, the government's main witness, testifying that the last time he spoke with Rafael, Harris' drug source, was in 2005 (without Rafael, any drugs delivered in 2006 would be from Mario), but in cross-examination, Harris testified that he spoke with Rafael in 2006 about a debt in Mario's presence; Harris meeting Mario in the mall in 2006 was not explained, but Mario testified that he met Harris in the mall for the first time in 2006 to collect an investment he had made with Rafael to start a construction business and this was not challenged by the United States; Bautista, the second government witness, testified that the third delivery of cocaine, according to Harris, never happen; Bautista never questioned about the two drug deliveries in 2005 for 50 and 35 kilograms of cocaine each which would have corroborated Harris' testimony; and the United States informing the Court that Bautista corroborated Harris' testimony at sentencing. The United Stated needed to respond to these allegations and the Magistrate should have evaluated the answers.

(Petitioner's Objections, DN 264, at 3). It thus appears that Petitioner's objection is rooted solely in the alleged failure of the Report to consider whether the testimony presented by the prosecutor was actually perjured. However, because the Report's recommendation was based on the absence of evidence that the prosecutor actually knew the allegedly perjured testimony was false, the question of whether the testimony was in fact perjured is wholly irrelevant to the viability of Petitioner's claim of prosecutorial misconduct. Thus, even assuming Petitioner is correct that the prosecutor introduced perjured testimony, the Report's conclusion that his prosecutorial misconduct claim lacks merit would be unaffected. For this reason, the Court will adopt the Report's

recommendation that his prosecutorial conduct claim should be denied notwithstanding Petitioner's objection.

**iv. Ineffective Assistance of Trial Counsel**

With respect to the Report's conclusion regarding his ineffective assistance of trial counsel claim, Petitioner objects "to each unfavorable finding of fact and each conclusion of law" made by the Report. (Petitioner's Objections, DN 273, at 1). This is a classic example of a general objection that "should be afforded no effect…" *United States v. Mullikin*, No. 5:05-162-JMH, 2013 WL 3107560 (E.D. Ky. June 18, 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). At a minimum, objecting parties have a duty to specifically set forth the basis for their objection and specify those portions of the Report to which they wish to object. To the extent Petition has failed to fulfill this duty with respect to his ineffective assistance of trial counsel claim, the Court concludes that it need not address Petitioner's objection and will therefore adopt the recommendation of the Report.

Having considered Petitioner's objections and having made a *de novo* determination, the Court concludes that Petitioner's § 2255 motion is without merit and will therefore adopt the Report in full.

**B. Motion for Appointment of Counsel**

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. 18 U.S.C. § 3006A(a)(2)(B) provides that, when a petitioner is seeking relief under § 2255, "representation *may* be provided" when "the interests of justice so require." *Id.* (emphasis added). Thus, in the absence of an evidentiary hearing, the decision to appoint counsel is within the sound discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Here, no evidentiary hearing is necessary, and thus Petitioner's motion for appointment of counsel must

only be granted if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). According to Petitioner, the interests of justice require the appointment of counsel because his "lack of English language proficiency and lack of legal training create a level of systemic prejudice that is impossible for [him] to overcome." (Petitioner's Objections, DN 272, at 1).

After careful consideration, the Court concludes that the interests of justice do not require that counsel be appointed. Petitioner submitted a well-reasoned § 2255 motion as well as his own objections to the Report, and has not presented any unusual complexities, problems, or conflicts that warrant appointment of counsel. Although Petitioner claims that he lacks proficiency in both the English language and the law, his *pro se* § 2255 motion and the objections he filed to the Report demonstrate that his alleged lack of proficiency in these areas is not quite as dire as he would have the Court believe. For these reasons, the Court will deny Petitioner's motion for appointment of counsel.

## CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner's objections to the Report are without merit and will therefore adopt the Report in full.

A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

November 25, 2013

cc: Counsel of Record
    Petitioner, pro se

11